IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| DAMIEN BERNARD,<br><br>    Plaintiff,<br><br>v.<br><br>WILLIAM C. RODGERS, CAPTAIN J. CARPER,<br><br>    Defendants. | § § § § § § § § § § § § §   CIVIL ACTION NO.  6:23-CV-00303-JCB |

### REPORT AND RECOMMENDATION OF
### UNITED STATES MAGISTRATE JUDGE

Before the court is Defendants' William Rodgers and Jennifer Carper[1] (collectively "Defendants") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 11.) Plaintiff filed a response in opposition (Doc. No. 15). This case was designated to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1) to handle all pretrial matters in this case, including dispositive motions. (Doc. No. 3.) For the reasons stated herein, the court **RECOMMENDS** that Defendants' motion to dismiss (Doc. No. 11) be **GRANTED-IN-PART** and **DENIED-IN-PART** as set forth herein.

### BACKGROUND

Plaintiff filed this action against Defendants on June 16, 2023, for alleged violations of constitutional rights pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) On September 11, 2023, Plaintiff filed an amended complaint, which is the operative complaint in this matter. (Doc. No. 9.)

---

[1] The motion was originally brought by Defendants Bryan Collier, John Ragsdale, William Rodgers, Jennifer Carper, and the Texas Department of Criminal Justice ("TDCJ"), but Defendants TDCJ, Brian Collier, Warden J. Garcia, and Major John Ragsdale were subsequently dismissed pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). (Doc. No. 13.)

1

Specifically, Plaintiff alleges that on June 18, 2021, when he was an inmate confined at TDCJ's Coffield Unit, he received a disciplinary write up for allegedly threatening an officer. *Id.* at ¶ 9. As a result, Plaintiff was placed in a "P-1" legal cage for 11 hours and was then transported to the "P-2" side of the front office. *Id.* at ¶¶ 9–10. It was at this time that Plaintiff alleges that Defendant Sgt. William Rodgers "walked up to Plaintiff and knowing and intentionally slammed him into an unconscious state," while Plaintiff was handcuffed behind his back. *Id.* at ¶¶ 11–12. Plaintiff alleges that the assault was related to his being written up and that he sustained injuries that he will have to deal with for the rest of his life. *Id.* at ¶¶ 12–13. Specifically, Plaintiff alleges that he suffered a "dislocated shoulder, lacerations, and face and teeth fractures that required him to be transported to Palestine Regional Hospital as well as to Hospital Galveston for surgery." *Id.* at ¶ 18. Plaintiff alleges that Defendant Rodgers did not report his use of force and tried to cover up the injuries by just putting Plaintiff back in his cell. *Id.* at ¶¶ 19–20. Plaintiff alleges that a nurse refused to do so because she felt that Plaintiff needed outside attention, which further frustrated Defendant Rodgers. *Id.* at ¶ 20. Plaintiff alleges that an ambulance was called once Defendant Rodgers left. *Id.* at ¶ 21.

Plaintiff alleges that on July 20, 2021, he attempted to file a Life in Danger ("LID") complaint due to the June 18, 2021 assault by Defendant Rodgers and the continued harassment he received from other guards and inmates. *Id.* at ¶ 32. Plaintiff alleges that he attempted to have Defendant Captain Jennifer Carper file the LID complaint. *Id.* at ¶ 34. Plaintiff alleges that Defendant Carper had been investigating the use of force incident against Plaintiff by Defendant Rodgers prior to Plaintiff trying to file a LID complaint. *Id.* at ¶ 38. Plaintiff alleges that Defendant Carper had Plaintiff start writing the LID complaint but then told him he needed to write certain things and admit to certain things so as not to paint a perfect picture of himself. *Id.* at ¶ 35. Plaintiff

alleges that when he did not write the statement the way that Defendant Carper had wanted him to, she proceeded to "throw his statement on the desk" and told him to go back to the house and that he could not file a LID complaint. *Id.* at ¶ 36. Plaintiff states that Defendant Carper told Plaintiff that a LID complaint could only be filed against other inmates and that she would not allow him to file one against a fellow officer. *Id.* at ¶ 37.

Based upon these factual allegations Plaintiff alleges that Defendant William Rodgers violated Plaintiff's Eighth Amendment right to be free of cruel and unusual punishment by using excessive force. (Doc. No. 9, at 8–10.) Plaintiff alleges that Defendant Jennifer Carper violated his Eighth Amendment rights through deliberate indifference, as well as his Fourteenth Amendment rights. *Id.* at 10–13. Plaintiff alleges that both Defendants Rodgers and Carper violated his constitutional rights by engaging in a conspiracy. Id. at 13–15. Plaintiff seeks both monetary damages and injunctive relief. *Id.* at 15–17.

## LEGAL STANDARD

Motions to dismiss under Rule 12(b)(6) for failure to state a claim "are viewed with disfavor and are rarely granted." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005); *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). The court utilizes a "two-pronged approach" in considering a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). First, the court identifies and excludes legal conclusions that "are not entitled to the assumption of truth." *Id.* Second, the court considers the remaining "well-pleaded factual allegations." *Id.* The court must accept as true all facts alleged in a plaintiff's complaint, and the court views the facts in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). A plaintiff's complaint survives a defendant's Rule

3

12(b)(6) motion to dismiss if it includes facts sufficient "to raise a right to relief above the speculative level." *Id.* (quotations and citations omitted).

In other words, the court must consider whether a plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "'[D]etailed factual allegations'" are not required. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Nevertheless, a complaint must allege "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## DISCUSSION

As discussed, because several moving Defendants have since been dismissed from this action, the court addresses the motion as it pertains to the two remaining Defendants: Defendant Rodgers and Defendant Carper. Defendants' motion first requests that the court dismiss Plaintiff's claims against Defendant Carper because Plaintiff does not allege specific facts that entitle him to relief, namely because he has not alleged an injury. (Doc. No. 4, at 5–9.) Defendants further argue that the statements in the amended complaint related to Defendant Carper being deliberately indifferent to his needs do not relate back to the original complaint and are therefore barred by the statute of limitations. *Id.* at 10. Plaintiff similarly argues that any conspiracy claims were not set forth in Plaintiff's original complaint and therefore do not relate back under Fed. R. Civ. P. 15(c)(1)(B). *Id.* Plaintiff responds that his claims against Defendant Carper state a claim because his mental anguish and stress for the fear of his life was caused by the actual physical injury that had occurred on June 18, 2021. (Doc. No. 15, at 5.) Plaintiff alleges that the allegations regarding

4

Defendant Carper sufficiently relate back because his original complaint mentioned the filing of a LID complaint and that it must be done by a Captain. *Id.* at 2. Plaintiff does not address the conspiracy claims.

## I. Claims Against Defendant Captain Carper

As discussed, the parties initially dispute whether the claims against Defendant Carper are time barred. This dispute turns on whether the claims set forth in the amended complaint sufficiently relate back to the original pleading, which was timely filed for statutory purposes.

### a. Statute of Limitations

Plaintiff's § 1983 claim against Defendant Carper arises from her alleged July 20, 2021 refusal to file a LID complaint. There is no federal statute of limitations for 42 U.S.C. § 1983 actions; the relevant statute of the forum state furnishes the limitations period—but federal law determines the date the accrual commences. *See Owens v. Okure*, 488 U.S. 235 (1989). The statute of limitations in Texas for § 1983 actions is two years, as claims under § 1983 are governed by Texas's two-year, personal-injury limitations statute. *See* Tex. Civ. Prac. & Rem. Code § 16.003(a); *Helton v. Clements*, 832 F.2d 332, 334 (5th Cir. 1987) ("Civil rights actions brought under 42 U.S.C. §§ 1981, 1983, 1985, and 1988 are deemed analogous to Texas tort actions, and therefore, the applicable limitations period is … two years."); *see also Wade v. City of Dallas*, 2018 WL 3966358 *1–2 (N.D. Tex. July 16, 2018) (citing and quoting *Helton*, 832 F.3d at 334).

Rule 15(c)(1) of the Federal Rules of Civil Procedure allows a party to amend a pleading to add a claim beyond the expiration of the statute of limitations so long as the amendment relates back to the date of the original pleading. Fed.R.Civ.P. 15(c)(1). An amendment to a pleading relates back when (1) "the law that provides the applicable statute of limitations allows relation back," or (2) "the amendment asserts a claim or defense that arose out of the conduct, transaction, or

5

occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1). In other words, a statute of limitations bar can be avoided if the amended claim "arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed.R.Civ.P. 15(c)(1)(B); *Mayle v. Felix*, 545 U.S. 644, 659 (2005). The amendment may invoke a legal theory and rely on facts not asserted in the original complaint. *Mayle*, 545 U.S. at 659. "[R]elation-back doctrine is controlled by . . . the underlying facts upon which the cause of action is based." *Watkins v. Lujan*, 922 F.2d 261, 265 (5th Cir. 1991). Where an amended claim relies on the same operative facts as that which the cause of action was based, the amended complaint relates back, defeating a statute of limitations bar. *Id.*

Here, Plaintiff's amended complaint relates back to the conduct set out in the original complaint that was asserted within the statutory period on June 16, 2023. (Doc. No. 1.) As discussed above, Plaintiff's amended complaint alleges that on July 20, 2021, he attempted to file a LID complaint due to the June 18, 2021 assault and the continued harassment that he received from guards and other inmates, but that Defendant Carper refused to file the LID complaint. *Id.* at ¶¶ 32–36. In the original complaint, Plaintiff listed Defendant Carper as a Defendant but did not go into specific detailed factual allegations regarding Defendant Carper's alleged conduct. Plaintiff did, however, allege that "[o]n July 20, 2021, Plaintiff attempted to file a Life in Danger ("LID") complaint due to the June 18, 2021, assault and the continued harassment he received from guards and other inmates." (Doc. No. 1, at ¶ 29.) Plaintiff's allegations further state that he was denied filing of the LID because he "was told that only a Captain can file a LID." *Id.* at ¶ 30. These are the same set of facts upon which Plaintiff's current amended complaint sets forth a claim against Defendant Carper. Moreover, given that the factual allegations in the original complaint included the involvement of a Captain related to the denial of the LID complaint, Defendant Carper would

6

have reasonably understood that these factual allegations were directed at her. Because the claims against Defendant Carper in the amended complaint arise out of the same factual occurrence attempted to be set forth in the timely-filed original complaint, the claims against Defendant Carper are not barred by the statue of limitations.

### b. Sufficiency of the Pleadings

Having determined that the claims against Defendant Carper in the amended complaint are not barred by the statute of limitations, the court turns to the challenges related to the sufficiency of the allegations. In this regard, Defendants move to dismiss the claims against Defendant Carper because Defendants contend that verbal harassment and/or threats are not sufficient to state claim for a constitutional violation. (Doc. No. 11, at 3–4.) In this regard, Defendants appear to construe Plaintiff's claim against Defendant Carper as an alleged violation of the Eighth Amendment based upon the words Carper and Plaintiff exchanged while he was trying to file his LID complaint. The court would agree that such language alone is insufficient to state a constitutional violation, *Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002); *Robertson v. City of Plano, Tex.*, 70 F.3d 21, 24 (5th Cir. 1995), but as Plaintiff points out in her response, this does not appear to be the basis of her alleged claim against Defendant Carper. (Doc. No. 15, at 5–6.) Although Plaintiff cites to the prior physical attack on June 18, 2021 that caused his subsequent emotional injuries, he does not plainly state how these allegations relate to a claim asserted against Defendant Carper based upon the conduct alleged. At best, it could be deduced that Plaintiff either attempted to assert a claim for deliberate indifference against Defendant Carper for failing to file the LID complaint, or that Plaintiff intended to assert a due process violation against Carper on the same grounds. Neither claim passes scrutiny under 12(b)(6).

### i. Eighth Amendment Violation

To the extent that Plaintiff has attempted to allege that Defendant Carper's refusal to file the LID complaint was a failure to protect, such a claim fails on the pleadings. The Supreme Court has explained that:

> [A] prison official cannot be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. …
>
> But an official's failure to alleviate a significant risk which he should have perceived, but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

*Farmer v. Brennan,* 511 U.S. 825, 837–38 (1994); *see Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994). Thus, to state a constitutional claim for failure to protect, a plaintiff must show: (1) that he was subjected to conditions posing a substantial risk of serious harm; and (2) prison officials were deliberately indifferent to his need for protection. *Id.*; *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995). Deliberate indifference "is an extremely high standard to meet." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Crucially, in order to show that prison officials were deliberately indifferent to a prisoner's need for protection, the prisoner must prove "that the official *actually knew* of a substantial risk of serious harm and *failed to act*." *Adeleke v. Heaton*, 352 F. App'x 904, 907 (5th Cir. 2009) (per curiam) (unpublished) (emphasis added). Moreover, "mere negligence in failing to protect a prisoner from assault does not establish a constitutional violation." *See Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990).

Here, Plaintiff fails to plead sufficient facts to allege a constitutional violation against Defendant Carper for failure to protect. Plaintiff pleads that Defendant Carper was investigating the use of force incident by Rodgers on June 18, 2021, but Plaintiff fails to allege any facts regarding any risk of serious harm that Defendant Rodgers continued to pose in July 2021, let

alone one that Defendant Carper was aware of. Indeed, Plaintiff does not indicate that he had any further involvement with Defendant Rodgers after he returned from the hospital as he was placed in the G-wing. (Doc. No. 9, at ¶¶ 22–24.) Instead, Plaintiff's allegations focus on verbal threats from Lieutenant Clark and Officer Scott during this time period. *Id.* at ¶¶ 28–31. Nowhere in his allegations does Plaintiff state that Defendant Carper was made aware of these ongoing threats from other officers; rather, Plaintiff states only that Defendant Carper tried to direct the way he wrote the statement and ultimately told him that she would not allow him to file one against another officer. *Id.* at ¶¶ 35–37. These allegations, construed liberally, do not allow for the inference that Defendant Carper was aware of substantial risk of serious harm and failed to act and therefore do not state a claim for a violation of the Eighth Amendment.

### ii. Fourteenth Amendment Violation

Plaintiff's amended complaint might also be read to assert that Defendant Carper is liable for failing to fully investigate or punish Defendant Rodgers for his actions. But there is no constitutional right to have another individual investigated, disciplined, or prosecuted, even when the parties involved are inmates and correctional officers. *Oliver v. Jackson Corr. Ctr.*, No. 3:12-CV-2660, 2013 WL 596155, at *3 (W.D. La. Jan. 22, 2013), *report and recommendation adopted*, No. 3:12-CV-2660, 2013 WL 596153 (W.D. La. Feb. 15, 2013) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973), and *United States v. Batchelder*, 442 U.S. 114, 124 (1979)); *see also Williams v. Washington*, No. 96 C 0704, 1997 WL 201579, at *3 (N.D. Ill. Apr. 16, 1997) ("Williams had no legal right to have the correctional officers punished, or to have an investigation conducted."). Accordingly, any claim premised on the failure to take some action necessary to facilitate such discipline or prosecution fails to state a claim for a constitutional violation.

9

For these reasons, Defendants' motion should be granted with respect to the Eighth Amendment and Fourteenth Amendment claims brought against Defendant Carper and those claims should be dismissed with prejudice.

## II. Conspiracy Claims Against Defendants Carper and Rodgers

Defendants also argue that Plaintiff's conspiracy claims must be dismissed against all Defendants because the allegations are conclusory. (Doc. No. 11, at 7–9.) Plaintiff does not respond to this argument in his response to Defendants' motion. (Doc. No. 15.) Local Rule CV-7(d) provides that "[a] party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion." L.R. CV-7(d). As Plaintiff has not filed a response in opposition to Defendants' request to dismiss the conspiracy claims, the court presumes that Plaintiff has no opposition to the dismissal of those claims.

Moreover, reviewing the allegations, Plaintiff's allegations fail to state a claim for an alleged conspiracy. The Fifth Circuit has stated that specific facts must be pleaded when a conspiracy is alleged. *Hale v. Harney*, 786 F.2d 688, 690 (5th Cir. 1986). In pleading these specific facts, Plaintiff must allege the operative facts of the alleged conspiracy. *Lynch v. Cannatella*, 810 F.2d 1363, 1369–70 (5th Cir. 1987). "Bald allegations that a conspiracy existed are insufficient." *Id.* Under § 1983, a claim for conspiracy must allege (1) an agreement between private and public defendants to commit an illegal act, and (2) a constitutional deprivation. *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994). Here, Plaintiff alleges that Defendant Carper acted in conspiracy with Defendant Rodgers with respect to the excessive force used by attempting to cover up the use of force—namely through the refusal to allow the filing of the LID complaint. *See* Doc. No. 9, at ¶¶ 83–85. But these allegations are insufficient to establish any agreement between Defendant Carper

10

and Rodgers to commit a constitutional violation as Defendant Carper's alleged refusal to file the LID complaint happened a month after the alleged use of force by Defendant Rodgers. *Id.* at ¶ 32. As such, Plaintiff's conspiracy claims against Defendant Carper and Defendant Rodgers should be dismissed with prejudice.

## CONCLUSION

For these reasons, the court **RECOMMENDS** that Defendants' motion (Doc. No. 11) be **GRANTED** with respect to Defendants' request to dismiss Plaintiff's Eighth Amendment and Fourteenth Amendment claims as to Defendant Captain Carper. The court **RECOMMENDS** that the motion (Doc. No. 11) be **GRANTED** as to Plaintiff's conspiracy claims asserted against Defendants Carper and Rodgers. These claims should all be dismissed with prejudice. The court **RECOMMENDS** that Defendants' motion (Doc. No. 11) be **DENIED** as moot with respect to the other grounds raised in this motion that are related to Defendants that have since been dismissed from this case. This recommendation would result in the dismissal of all claims against Defendant Carper; the sole remaining claim in this case would be the use of force claim against Defendant Rodgers.

Within fourteen days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A party's failure to file written objections to the findings, conclusions, and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United States Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

**So ORDERED and SIGNED this 19th day of April, 2024.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE