UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:23-cv-00303

**Damien Bernard,**
*Plaintiff,*

v.

**William C. Rodgers et al.,**
*Defendants.*

# ORDER

Plaintiff Damien Bernard filed this civil-rights action pursuant to 42 U.S.C. § 1983. Doc. 1. This case was designated to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1) for all pretrial purposes, including proposed findings of fact and recommendations for disposition. Doc. 3. Defendants William Rodgers and Jennifer Carper[1] filed a motion to dismiss plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Doc. 11. Thereafter, the magistrate judge issued a report recommending that defendants' amended motion to dismiss (Doc. 11) be denied-in-part and granted-in-part. Doc. 17. Specifically, the magistrate judge recommended that the motion be granted with respect to the claims against defendant Jennifer Carper, granted with respect to the conspiracy claim against defendant William Rodgers, and denied as moot with respect to the defendants that had since been dismissed from this action. Plaintiff timely filed an objection to the report and recommendation. Doc. 21.

Plaintiff objects only to the magistrate judge's recommendation that plaintiff's due-process and failure-to-protect claims against defendant Carper should be dismissed. Doc. 21. The court reviews the objected-to portions of a report and recommendation de

---

[1] The motion was originally brought by Defendants Bryan Collier, John Ragsdale, William Rodgers, Jennifer Carper, and the Texas Department of Criminal Justice (TDCJ), but defendants TDCJ, Brian Collier, Warden J. Garcia, and Major John Ragsdale were subsequently dismissed pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). Doc. 13.

novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

In the amended complaint, plaintiff states that he attempted to have defendant Carper file a life in danger (LID) complaint due to a June 18, 2021 assault by a corrections officer and continued harassment from other guards and inmates. Doc. 9 at ¶¶ 32–34. Plaintiff states that he started to write a statement, but that defendant Carper stopped him because he was painting too good of a picture of himself and that she tried to redirect what he wrote. *Id.* at ¶ 35. Plaintiff alleges that when he did not write what defendant Carper had wanted him to write, he was told to go back to the house and that he could not file an LID complaint. *Id.* at ¶ 36. Plaintiff states that defendant Carper told him that an LID complaint could only be filed against other inmates and that she would not allow him to file one against other officers. *Id.* at ¶ 37. Plaintiff further alleges that defendant Carper was investigating the use of force against plaintiff by defendant Rodgers prior to plaintiff trying to file a LID complaint. *Id.* at ¶ 38.

The magistrate judge liberally construed these factual allegations as an alleged failure to protect and an alleged violation of due process for refusing to file the LID complaint. Doc. 17 at 8–10. Plaintiff does not take issue with the characterization of these claims, but rather contends that, contrary to the magistrate judge's conclusion, the factual allegations are sufficient to allege a claim for each violation. Doc. 21 at 3–5.

Turning first to the alleged due-process violation, plaintiff contends that defendant Carper's refusal to file an LID complaint deprived him of his due-process rights. *Id.* at 3. Plaintiff provides no legal support that such a refusal could amount to a violation of due process, as the objections cite no caselaw or other legal authority to support such a claim. *Id.* Moreover, the court is unaware of any precedent that would give rise to such a claim.

The Due Process Clause of the Fourteenth Amendment of the United States Constitution prohibits the government from depriving "any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV, § 1. To plead a procedural due process violation, a plaintiff must allege two elements: (1) the plaintiff has a "liberty or property interest which has been interfered with by the State"; and (2) the procedures employed to deprive the plaintiff of liberty or property were constitutionally insufficient. *Ky. Dep't. of Corr. v. Thompson*, 490 U.S. 454, 460 (1989). Plaintiff's amended complaint fails to meet either requirement.

Plaintiff has not identified any protected liberty or property interest that he has in the filing of an LID complaint. Although, in a related context, the Firth Circuit has held that a prisoner "does not have a federally protected liberty interest in having . . . grievances resolved to his satisfaction." *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). This finding is persuasive to the extent that plaintiff alleges that he has a protected liberty interest in filing an LID complaint exactly as he desires. *See also Sandin v. Conner*, 515 U.S. 472, 484 (1995) (noting that liberty interests protected by the Due Process Clause are "generally limited to freedom from restraint"). As such, plaintiff has failed to state a claim for a violation of due process against defendant Carper.

Plaintiff next objects to the recommendation that he has not stated a claim for failure to protect. Doc. 21 at 3–5. Plaintiff argues that defendant Carper was deliberately indifferent to plaintiff's need for protection because she had been in charge of investigating excessive force used against him and failed to act when she refused the filing of his LID complaint causing him severe fear and mental anguish. *Id.*

The Eighth Amendment's prohibition against the imposition of cruel and unusual punishment requires prison officials to protect prisoners from violent attacks. *See Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (citing *Farmer v. Brennan*, 511 U.S. 825 (1994)). In order to show that prison officials were deliberately indifferent to a prisoner's need for protection, the prisoner must

prove "that the official *actually knew* of a substantial risk of serious harm and failed to act." *Adeleke v. Heaton*, 352 F. App'x 904, 907 (5th Cir. 2009) (emphasis added).

    Again, plaintiff's allegations fall short. While plaintiff alleges that defendant Carper had been investigating a prior use of force incident involving plaintiff, plaintiff alleges no facts to suggest that defendant Carper actually knew of a substantial risk of serious harm to plaintiff. Plaintiff suggests that defendant Carper should have been aware of a risk of serious harm from his attempt to file a LID complaint, but plaintiff's allegations fail to elucidate what the specific risk of harm to plaintiff was or how defendant Carper failed to act with respect to that perceived harm. The mere fact that plaintiff believed his life was in danger does not mean that defendant Carper perceived that plaintiff was in any such danger. Even if it could be said that defendant Carper was aware of facts from which an inference of substantial harm could be drawn, plaintiff must also allege that defendant Carper actually drew such an inference. *Edmiston v. Borrego*, 75 F.4th 551, 559 (5th Cir. 2023) (noting that to satisfy the high standard for deliberate indifference, plaintiff must plausibly allege both that the official was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed]" and that he "also [drew] the inference").

    Here, plaintiff has failed to allege any facts that defendant Carper actually drew the inference that plaintiff faced a substantial risk of harm. Moreover, plaintiff does not allege any serious harm that befell him from the alleged refusal to file the LID, instead asserting only that he experienced fear and mental anguish. *See Herman v. Holiday*, 238 F.3d 660, 666 (5th Cir. 2001) (holding prisoner was not entitled to monetary relief because he failed to allege a physical injury resulting from the officers' deliberate indifference).

    Plaintiff states in his objections that "mental anguish and stress may have manifested itself in higher blood pressure and/or other physical injuries." Doc. 21 at 2. But this allegation of

physical injury does not appear in plaintiff's amended complaint and was raised for the first time in plaintiff's objections. *See Finley v. Johnson*, 243 F.3d 215, 219 n.3 (5th Cir. 2001) ("We have held that issues raised for the first time in objections to the report of a magistrate judge are not properly before the district judge."). Moreover, elevated blood pressure without a resultant physical injury is insufficient for a prisoner to recover compensatory damages. *See Calhoun v. Hargrove*, 71 F. App'x 371, 372 (5th Cir. 2003). As such, plaintiff fails to state a claim for violation of the Eighth Amendment against defendant Carper.

Finally, neither party objected to the magistrate judge's conclusion that plaintiff's conspiracy claim should be dismissed with prejudice or that the motion be denied as moot with respect to the defendants who have since been dismissed from this case. The court therefore reviews these conclusions only for clear error. *Douglass*, 79 F.3d at 1420. Having reviewed the magistrate judge's report (Doc. 17) and being satisfied that it contains no clear error with respect to plaintiff's conspiracy claims or the dismissed defendants, the court accepts these findings and recommendations.

Defendants' motion to dismiss (Doc. 11) is granted as to plaintiff's Fourteenth Amendment, Eighth Amendment, and conspiracy claims against defendant Carper. Those claims are dismissed from this action with prejudice. Defendants' motion to dismiss (Doc. 11) is granted as to plaintiff's conspiracy claim against defendant Rodgers and that claim is dismissed with prejudice. Defendants' motion to dismiss is denied as moot with respect to the other grounds raised in the motion that are related to defendants that have since been dismissed from this case. Doc. 13. As all of the claims against defendant Carper have been dismissed, the clerk is directed to terminate her from this action. The sole remaining claim in this case is the use of force claim against defendant Rodgers.

*So ordered by the court on July 30, 2024.*

_____
J. CAMPBELL BARKER
United States District Judge